NATIONAL OIL & GAS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2040. Promulgated March 4, 1927.

During the taxable year the petitioner became entitled to a certain amount of oil as his share of that produced under a lease. He disposed of only a portion thereof during the taxable year. His books were kept and his returns were made upon the basis of cash receipts and disbursements. *Held,* that a reasonable allowance for depletion is to be based upon the amount of oil sold, the proceeds of which are included in the return. *Appeal of R. M. Waggoner,* 5 B. T. A. 1191, followed.

*Harry C. Weeks, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

Petitioner appeals from the determination by the Commissioner of a deficiency of $14,588.75, income and profits taxes for 1919. The proceeding involves the determination of two issues: (1) The proper allowance for depletion of oil based upon discovery value, and (2) whether allowance should be based upon the amount of oil sold or upon the amount of oil produced, the petitioner making his return upon a cash receipts and disbursements basis. The facts were stipulated.

### FINDINGS OF FACT.

The taxpayer is a Texas corporation with its principal office at Wichita Falls. The deficiency asserted herein was calculated without any allowance for depletion upon oil produced.

The petitioner owned until December 1, 1919, a three-eighths interest in an oil and gas lease of 2½ acres of land in Block 74, Red River Valley Land Subdivision, Wichita County, Texas, upon which it was required to pay, under its contract, no development expenses whatever, and no operating expenses until the production of the property had declined to 50 barrels per day. One dollar and fifty-seven and one-half cents per barrel is a reasonable depletion unit to be used in the allowance of a deduction for depletion upon said property.

The petitioner's share of the oil actually produced from said property in 1919 was 26,843.56 barrels. During 1919 the petitioner sold 23,729.97 barrels of such oil and received therefor $41,611.46, which was reported by it as gross income and accepted by the Commissioner. The proceeds from the remaining 3,113.59 barrels of oil produced from said property in 1919 were not accounted for as income by the petitioner in 1919. The records of the petitioner do not show that payment for said oil was received. The selling price for such oil was $6,056.35. It is not known whether this sum was misappropriated by someone connected with the petitioner or whether it was not paid to the petitioner in 1919.

### OPINION.

PHILLIPS: In computing the net income of the petitioner no allowance was made for depletion. It is now agreed between the parties that $1.575 per barrel is a reasonable depletion unit to be used in the computation of the deduction.

The parties also raise the question whether depletion allowance should be based upon the amount of oil produced, whether or not sold in the taxable year and included in the income of that year, or upon the amount of the oil sold. Petitioner keeps its books upon a cash receipts and disbursements basis. Its share of the oil produced during the year was 26,843.56 barrels. It returned as income the proceeds from the sale of only 23,729.97 barrels. It is not known what happened to the remaining oil, but the parties are agreed that payment therefor was not received by the petitioner in 1919 so as to constitute a part of its income upon a cash receipts and disbursements basis.

In the *Appeal of R. M. Waggoner*, 5 B. T. A. 1191, it was held that, in such circumstances as we have here, allowance for depletion could be taken only upon the basis of the oil sold during the year,

the proceeds of which were included as income; in other words, the depletion was to be taken upon the same basis as the income was returned. The decision in that appeal is decisive of the question here involved. The deficiency should therefore be computed by allowing a deduction for depletion based upon 23,729.97 barrels at $1.575 per barrel.

*Decision will be entered on 15 days' notice, under Rule 50.*